MURDOCK, Justice
(concurring specially),
The main opinion notes that Morgan Keegan & Company, Inc., and Morgan Asset Management, Inc. (“MAM”), argue for the “affirmance of the trial court’s order on an alternative ground that was presented to the trial court but that was not relied upon by the trial court.” 190 So.3d at 908. Quoting McMillan, Ltd. v. Warrior Drilling & Engineering Co., 512 So.2d 14, 24 (Ala.1986), the main opinion explains that the assertion of this “alternative, ground” need not be by way of a cross-appeal. I agree. I write separately to add that I see nothing in McMillan, or the authorities cited therein, that in any way suggests that this Court could affirm a judgment on an alternative ground that is not,-as we have so often put it, a “valid legal ground.” See generally Pavilion Dev., L.L.C. v. JBJ P’ship, 979 So.2d 24, 42-43 (Ala.2007) (Murdock, J., concurring specially). That is, as an appellate.court,.we cannot affirm a judgment upon some alternative ground presented to,- but not decided by, the- trial court, unless it involves a pure, question of law that we can decide in favor of the party that prevailed in the trial court, or some question of fact that we can decide in that party’s favor as a matter of law, without giving rise to due-process concerns. See Hamm v. Norfolk Southern Ry., 52 So.3d 484, 491 (Ala.2010); Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala.2003); Gore v. White, 96 So.3d 834, 844 (Ala.Civ.App.2012); and Gartman v. Hill, 874 So.2d 555, 559 (Ala.Civ.App.2003).